Hough, J.
Inasmuch as the title of the defendant below came by warranty deed without restriction it was necessary to show notice or knowledge of the restrictions on her part, and the court of appeals specifically and properly found that Mrs. Hitz had such knowledge when she purchased the 66 feet, plus, fronting on Lake Avenue, and being the east part of sublot No. 32. The owner of the remaining or west part of said sublot, who had theretofore owned the whole, had built a single residence on that part which she had retained, being on the corner of Homewood Drive and Lake Avenue.
The court of appeals found that that house was erected fronting on Homewood Drive. From an examination of the record we find no competent evidence to sustain such a finding, and the photographic exhibits made a part of the record controvert that finding. An inspection of the photographs shows that this house either faces on both streets or upon Lake Avenue. This finding, however, is not especially important, for the reason that the case turns upon the legal interpretation of the restric *57 tions used by the allotters, and we are governed by those settled rules of construction which govern like cases.
The first and most fundamental of these rules of course is that of arriving at the intention of the parties from the language used.
The second is that the language be construed strictly against the restrictions and in favor of the free use of property. This is a settled rule of construction, based upon the old principle that restrictions are not favored in the law. At the outset of the discussion on the subject of interpretation of the language used in the restrictions, it is noticeable that the allotters divided the territory to be allotted into three general groups, and designated them as follows: 1. Thirty sublots numbered from 2 to 31, inclusive, upon either side of and fronting on Home-wood Drive. 2. Two sublots of larger dimensions and located on opposite corners of Lake Avenue and Homewood Drive, and numbered 1 and 32, respectively. 3. A block of land along Lake Erie designated as Block A.
With these general groupings furnishing the framework of the restrictive instrument, the allotters proceeded first to set out general terms of restriction applying to the entire allotment, and then in the order named above to attach special terms of restriction to each of the groups.
We have then, applying to each group: first, the general terms applying to all, and second, those special terms that apply specifically to that group and to nothing else. Under this method used by the allotters, there then apply to sublot No. 32 the following general restrictions:
*58 “No apartments, double house, two-family house, terraces or business buildings shall be erected upon any land in said allotment.
“Said allotment shall be used for residence purposes only and such residences shall be private, single residences and shall not be used for boarding house purposes.
“No residence or building of any type shall be erected upon said land during a period of ten years from and after August 1, 1916, unless the exterior plans thereof shall have been first approved by the grantor, and likewise the grade of any lot shall be subject to the approval of the grantor, but such approval shall not be unreasonably withheld, but the right of approval herein reserved to the Grantor shall be exercised only for the purpose of preventing the erection of unsightly residences and garages upon said allotment.
“No barns or sheds for animals shall be erected upon any land in said allotment, not excluding thereby private automobile garages.
“No spirituous, vinous or fermented liquors shall be manufactured or sold, either at wholesale or retail on said premises.”
The above represents all the restrictions in general terms, and it is conceded that the plaintiff in error has not violated any of those terms. The special restrictions applying to this sublot are as follows:
“Upon sublots 1 and 32 no residence shall be erected having a fair cost and value of less than $6,000, but said building must be set back at least 50 feet from the inside sidewalk line of Homewood *59 Drive to the building line, exclusive of any porch lines, and not less than 35 feet from the inside sidewalk line of Lake Avenue to the said building line or any window projection and not less than 5 feet from the northerly and easterly lines. No automobile garages shall be erected upon either sublot No. 1 or sublot No. 32 except attached to and in connection with the residence erected thereon and made a part thereof.”
The above represents all the special restrictions that can be found in the restrictive instrument applying to sublot No. 32, and it is conceded that the building in process of erection by Mrs. Hitz upon the east part of that sublot calls for an expenditure of more than $6,000; is set back from the inside sidewalk line of Lake Avenue more than 35 feet, and will be not less than 5 feet from the northerly and easterly lot line; that the garage, according to the plans, is to be erected in connection with the residence ; and that it is a single residence.
Counsel for the defendants in error claim that because the word “residence” and the word “building” are used in this special restriction in the singular as distinguished from the plural sense, this would lead to the legal construction that only one single residence may be erected upon sublot No. 32, and opposing counsel advance the argument that if this is true, and the construction of these words in the singular sense means that only one single residence may be placed upon this sublot, in that event the same method of construction must lead to the conclusion that only one single residence may be erected on'both sublots Nos. 1 and 32, and that that would be a violent presumption for the reason that *60 sublots 1 and 32 are located on opposite sides of Homewood Drive.
If the construction contended for by counsel for defendants in error is to obtain, we think there is considerable force in the latter argument. To hold that only one single residence may be placed upon sublots Nos. 1 and 32 taken together would be absurd in the face of the manifest intent of the allotters in connection with the project which they were desirous of carrying out. The only logical construction that can be placed upon the use of the word “residence” is that it is used in the abstract, and of course that implies a like construction of the word “building,” inasmuch as it unquestionably refers, to “residence.”
It is apparent that the language used by the allotters expressed the intention that no residence should be erected upon sublot No. 1, and none upon sublot No. 32, having a fair cost and value of less than $6,000, and that if such residence faced on Homewood Drive it must be set back at least 50 feet, and if on Lake Avenue at least 35 feet, from the inside sidewalk lines, respectively; and, if the several restrictive specifications are complied with, there is no inhibition against the erection of more than one single residence upon sublot No. 32.
The rules of construction in like cases have been fairly covered and laid down in recent decisions of this court, and pronouncements made in Hunt v. Held, 90 Ohio St., 280, Kiley v. Hall, 96 Ohio St., 374, and Adams v. Donovan, 97 Ohio St., 83, are hereby approved, and are found to be in no wise in conflict with the view adopted in this case.
*61 The conclusions of law arrived at by the court of appeals are erroneous. The judgment of that court is hereby reversed and the judgment of the common pleas court is affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.